# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Rachel Kaltenbach, et al., | : | Case No. 2:23-cv-00187 |
| Plaintiffs, | : | Judge: Michael H. Watson |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| Hilliard City Schools Board of Education, et al., | : | |
| | : | |
| Defendants. | | |

### REPLY TO PLAINTIFFS' MEMORANDUM IN RESPONSE TO MOTION TO DISMISS THE AMENDED COMPLAINT BY DEFENDANTS HILLIARD CITY SCHOOLS BOARD OF EDUCATION, BETH MURDOCH, KARA CROWLEY, NADIA LONG, ZACH VORST, AND BRIAN PERRY

Plaintiffs' Memorandum in Response (Doc #15) to Defendants' Motion to Dismiss the Amended Complaint sets forth facts and allegations that are not in the Amended Complaint. Specifically, Plaintiffs' Memorandum in Response alleges the District lies to parents (Pg. ID #226, 235, 241, 249), is dishonest (Pg. ID #249) and that the District's is coercive (Pg. ID 237). Yet, nowhere in Plaintiffs' Amended Complaint do Plaintiffs allege the District lied, was dishonest or coerced anyone. These are quite serious allegations to make against a public school district without any facts or evidence to support such claims.

Instead, these arguments are now being made in Plaintiffs' Memorandum in Response because Plaintiffs recognize that the law does not support their alleged legal position unless they can show the District somehow coerced students. There is no allegation of the same in the Amended Complaint and therefore it must be dismissed.

1

A.  Plaintiffs still have not established standing.

In the Memorandum in Response, Plaintiffs have now identified the alleged Plaintiff (Senchesak) who is the subject of paragraphs 74-94 of the Amended Complaint (A Hilliard Family's Story 1, ¶¶ 74-94). Plaintiff Senchesak still has not established how she has standing in a lawsuit seeking declaratory judgment and injunctive relief, regarding changes to District policies, for a school district in which she does not reside nor does her minor child still attend. There is no allegation that Senchesak intends to return to living in the District area or that her minor child intends to return to school within the District. Since Plaintiffs claims are not requesting damages, a Plaintiff who has no further involvement with the District does not have standing to bring a suit to request changes to District policies. There simply is no case or controversy for Plaintiff Senchesak.

Plaintiffs have simply added Plaintiff Senchesak because the original remaining Defendants have not alleged any harm nor alleged any imminent risk of harm. If Plaintiff Senchesak still lived in the District and her minor child still went to school in the District, then Plaintiff Senchesak may have had some stake to argue standing in the Amended Complaint, but that is not the case.

The remaining Plaintiffs have not alleged that they have suffered an injury in fact that is actual or imminent, rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).  None of the Plaintiffs have alleged their minor children were in classrooms where teachers were allegedly wearing the badges, or ever saw the badges or attempted to access the alleged QR code. None of the Plaintiffs' minor children were alleged to have even been in the same schools (much less the same classrooms) as the alleged activities in the Amended

2

Complaint. Plaintiffs' have alleged no imminent threat and any alleged future harm is pure conjecture.

In fact, on this point Plaintiffs only argue that Plaintiffs have standing because of their apparent worries: 1) they believe Parents will not be informed, even upon request, if their children are experiencing certain types of trauma at school; and 2) they were dissatisfied with their attorneys' correspondence with the District's attorney regarding whether differences in opinion about gender affirming care could become a health and safety justification to withhold vital information. (Memorandum in Response, Doc #15, Pg. ID 247-248).

Plaintiffs have set forth in the Amended Complaint what the District told the Parents is the default policy. As asserted in the Motion to Dismiss, the parents did not like the answer to their questions so they are asking the Court to compel the District to answer more questions in this lawsuit and/or for the Court to answer the questions on behalf of the District. This is not a case or controversy.

The cases cited by Plaintiffs in their Memorandum in Response related to standing do not pertain to the situation. Plaintiffs have cited cases pertaining to potential patent infringement, threats of government entities, and/or situations where a plaintiff has been harmed. (See Memorandum in Response, PgID #244-245). Here, Plaintiffs simply do not like the District's alleged policy and/or lack of policy. There are no allegations of threats by the District against the Parents pertaining to any constitutional rights. Other than Plaintiff Senchesak (who has no further involvement with the District) there has been no allegation of harm or threat of harm to the other Plaintiffs.

B.  Plaintiffs do not even attempt to distinguish the case of *John & Jane Parents 1 v. Montgomery Cnty. Bd. of Education*

The case of *John & Jane Parents 1 v. Montgomery Cnty. Bd. of Education*, 2022 WL 3544256, (D. Md. August 18, 2022), which was decided last year, is analogous to this case. In *Montgomery Cnty*, the plaintiffs made similar arguments alleging the school district's policies violated the parent's rights regarding the upbringing of their children. The court in *Montgomery Cnty.* ultimately found the school's policies and guidelines did not violate or interfere with the parents' role in the upbringing of their children or the parental role in counseling a transgender child. *Montgomery Cnty.* at *14.

As noted in *Montgomery Cnty* and cases cited in Plaintiffs' Memorandum in Opposition, courts have found schools have violated a parent's constitutional rights related to their minor children when specific acts are affirmatively made by the school. Specifically, courts have found liability when a school district <u>coerces</u> a minor to undertake a controversial or intimate act and further <u>coerces the minor child to conceal</u> that act from the student's parents. *Id.* at *10-12; *Arnold v. Board of Educ. of Escambia Cnty., Ala.*, 880 F.2d 305 (11th Cir. 1989)(violation of the parents' rights where school officials (1) coerced a minor into having an abortion, and (2) compelled her to keep it a secret from her parents); *Gruenke v. Seip*, 225 F.3d 290 (3d Cir. 2000) (a high school swim coach forced one of his seventeen-year-old team members to take a pregnancy test).

There is no allegation in the Plaintiffs' Amended Complaint that the District took any steeps to coerce students and/or coerce students to keep anything from the Plaintiffs or any parents of District students. There is no allegation that the District coerced Plaintiff Senchesak's minor child to change genders or coerced that minor child to keep any information from Plaintiff Senchesak. There is no allegation that the District has attempted to coerce any other students into identifying as a different gender. There is no allegation that the District coerced students who did

4

identify as a different gender to keep that information from their parents and/or not tell their parents. There is no allegation that any Plaintiffs affirmatively asked the District or a District employee about any gender issues with their minor child and the District lied to or deceived parents about what a minor student may have told the District about their gender. (See Plaintiffs' Amended Complaint).

Instead, Plaintiffs' sole argument is that the District is under a duty to inform parents, no matter the circumstances. Plaintiffs argue the District's alleged failure to tell parents that their minor child may have expressed gender dysphoria, no matter the unique circumstances, is a violation of the Parent's constitutional rights.  But, that is not the law. Plaintiffs' claims fail due to Plaintiffs inability to set forth specific allegations of coercion by the District. Plaintiffs attempt to sprinkle in the words "lie," "deceive" and "coercion" in their Response in Opposition, without ever making such allegations in the Amended Complaint, is not satisfactory to cure this deficiency.

Plaintiffs' claims and allegations are instead rooted in a disagreement regarding ideology. Indeed, Plaintiffs even alleged in their Amended Complaint that they "do not agree with the ideology behind the school's actions." (Amended Complaint at ¶153). Plaintiffs' claims are regarding political differences, seen nightly in cable news opinion shows, between their philosophy and the alleged philosophy of the District. But, political and ideological differences do not create a constitutional violation. The District is also granted broad leeway in how it operates and courts have routinely rejected efforts by Parents to try to dictate curriculum *Goss v. Lopez,* 419 U.S. 565, 578 (1975).

Plaintiffs' claims fail as a matter of law and the Amended Complaint should be dismissed, with prejudice.

5

Respectfully submitted,

*/s/ Jessica K. Philemond*
Jessica K. Philemond, Trial Counsel (0076761)
jessica@scottscrivenlaw.com
Julie C. Martin (0056163)
julie@scottscrivenlaw.com
Mitchell L. Stith (0096759)
mitch@scottscrivenlaw.com
SCOTT SCRIVEN LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
(614)222-8686; Fax (614) 222-8688

/s/ Brandon Abshier
Brandon Abshier (0083505)
Michael J. Valentine (0038806)
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
babshier@reminger.com
mvalentine@reminger.com
P: 614-232-2422

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foreign was served on this 3rd day of April 2023, upon all counsel of record via the Court's electronic filing system.

*/s/ Jessica K. Philemond*
Jessica K. Philemond, Trial Counsel (0076761)

6