IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RACHEL KALTENBACH, et al.,**

      **Plaintiffs,**

  v.                                  **Civil Action 2:23-cv-187**
                                         **Judge Michael H. Watson**
                                         **Magistrate Judge Jolson**

**HILLIARD CITY SCHOOLS, et al.,**

      **Defendants,**

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously (Doc. 16). For the following reasons, the Motion is **GRANTED**. The Court notes, however, that it may revisit this holding as the litigation progresses.

**I. BACKGROUND**

Plaintiffs, all parents of children in the Hilliard School District, initiated the present action with a Complaint filed on January 16, 2023. (Doc. 1). Now, they bring the present Motion so that their minor children may proceed anonymously through this case. (Doc. 16). Defendants do not oppose Plaintiffs' Motion, and it is therefore ripe for consideration.

**II. STANDARD**

Generally, a complaint must state the names of all the parties. Fed. R. Civ. P. 10(a). Yet, the Court "may excuse [parties] from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). "In exercising its discretion, a court must balance the public's common law right of access to court proceedings against the interests of litigants in

nondisclosure." *Malibu Media, LLC v. Doe*, No. 2:15-CV-2519, 2015 WL 12698036, at *1 (S.D. Ohio Aug. 26, 2015) (citing *In re Polemar Constr. Ltd. P'ship*, 23 F. App'x. 423, 425 (6th Cir. 2001). To determine whether a party's privacy interests outweigh the presumption in favor of openness, the United States Court of Appeals for the Sixth Circuit has identified factors to consider, including:

> (1) whether the [party] seeking anonymity [is] suing to challenge governmental activity; (2) whether prosecution of the suit will compel the [party] to disclose information 'of the utmost intimacy'; (3) whether the litigation compels [a party] to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the [party is a child].

*Porter*, 370 F.3d at 560 (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).

**III.    DISCUSSION**

Plaintiffs say that the first, second, and fourth *Porter* factors support their Motion. (Doc. 16 at 2). Regarding the first factor, this suit does challenge governmental activity. The principal Defendant is the Hillard City Schools Board of Education. (*See* Doc. 6). And, regarding the fourth factor, Plaintiffs have represented that the students who may proceed anonymously in this action are minors. (Doc. 16 at 2).

The application of the second factor—whether this litigation will disclose information of the utmost intimacy—is less straightforward. Plaintiffs say that because one potential Plaintiff has "undergone tremendous trauma, leading to an attempted suicide[,]" and because others have "been subject to harassment and direct threats," this factor supports their Motion. (Doc. 16 at 2). Still, the Court notes that this factor must be construed narrowly—as the qualification that it projects information of the *utmost* intimacy would suggest. By way of example, this factor is typically invoked in cases involving sexual assault. Courts throughout the country have routinely found that the privacy interests of alleged sexual assault victims outweigh the presumption in favor of

openness. *See Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses."); *K.S. v. Detroit Pub. Sch.*, No. 14-12214, 2015 WL 13358204, at *3 (E.D. Mich. July 22, 2015) (allowing alleged sexual assault victim to proceed anonymously). Because the practice of proceeding under pseudonym is disfavored, privacy interests must often make way in favor of open and transparent court proceedings, even when those privacy interests are compelling. *See, e.g.*, *Blue Cross*, 112 F.3d at 872 (finding that, in case of plaintiff fearing disclosure of his psychiatric records, "a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems.").

All told, the prospective anonymous individuals' status as minors is the most compelling factor in favor of allowing them to proceed anonymously. At this early stage in the litigation, when considered in conjunction with Plaintiffs' other concerns and Defendants' non-opposition, this supports granting Plaintiffs' Motion. Should the balance of the public's right to access court proceedings against the litigants' interests in nondisclosure shift during this litigation, the Court may revisit this holding.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously (Doc. 16) is **GRANTED**.


Date: April 20, 2023 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE