UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rachel Kaltenbach, *et al.*,

    Plaintiffs,

v.

Hilliard City Schools, *et al.*,

    Defendants.

Case No. 2:23-cv-187

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

From the Amended Complaint, it is clear Plaintiffs take issue with some of Defendants' policies, practices, and/or conduct, at least some of which relates to Defendants' LGBTQ+ policies. *See generally,* Amend. Compl., ECF No. 6. The Amended Complaint's clarity ends there. It is filled with citations to the United States Constitution, state and federal statutes, and caselaw. *Id.* However, Plaintiffs do not clearly identify which, or how many, of these legal frameworks provide the causes of action for Plaintiffs' claims (which are labelled only "request for a declaratory judgment" and "permanent injunction"). *Id.* Nor can the Court confidently determine the same. Further, almost a quarter of the allegations in the Amended Complaint tell the story of *non-parties* allegedly harmed by Defendants' actions. *Id.* ¶¶ 95–130.

In short, the Amended Complaint fails to satisfy Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain

statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." The operative words in this rule are "*short and plain*." Further, Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." If a complaint does not comply with Rule 8, "the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Trapp v. Kimpel*, No. 3:13-CV-18, 2013 WL 4510570, at *5 (S.D. Ohio Aug. 23, 2013) (internal quotation marks and citations omitted).

Accordingly, the Court **STRIKES** the Amended Complaint for failure to comply with Rule 8. Plaintiffs may file a Second Amended Complaint **WITHIN TWENTY-ONE DAYS**. Such a Second Amended Complaint shall not include allegations focused on non-parties' alleged injuries and shall minimize quotations from and citations to legal authority. Plaintiffs will have ample opportunity to make legal arguments in subsequent briefing. The Second Amended Complaint shall clearly identify Plaintiff's causes of action (*e.g.*, "Title IX, hostile environment" or "Section 1983, violation of the Fourteenth Amendment Due Process Clause"). If Plaintiffs believe the same facts support claims under multiple legal frameworks, they shall plead separate claims for each framework.

Because the pending motion to dismiss is aimed at the Amended Complaint, and because this Opinion and Order strikes the same, the motion to dismiss, ECF No. 10, is **DENIED AS MOOT**.

The Clerk shall designate ECF No. 6 as "STRICKEN" and shall terminate ECF No. 10.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**