# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Rachel Kaltenbach, et al., | : | Case No. 2:23-cv-00187 |
| Plaintiffs, | : | Judge: Michael H. Watson |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| Hilliard City Schools Board of Education, et al., | : | |
| | : | |
| Defendants. | | |

### REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS THE SECOND AMENDED COMPLAINT BY DEFENDANTS HILLIARD CITY SCHOOLS BOARD OF EDUCATION, BETH MURDOCH, KARA CROWLEY, NADIA LONG, ZACH VORST AND BRIAN PERRY

The cases cited by Plaintiffs in their Response to Defendants' Partial Motion to Dismiss support Defendants' arguments. While Plaintiffs used their response to argue the legal issues of their alleged case in chief, it avoids the sole issue presented at this time - *standing*.

To satisfy the "irreducible constitutional minimum of standing," a plaintiff must establish that: (1) they have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, rather than conjectural or hypothetical; (2) that there is a causal connection between the injury and the defendant's alleged wrongdoing; and (3) that it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal citations and quotations omitted).

Plaintiffs cite *Tatel v. Mt. Lebanon Sch. Dist.*, 637 F. Supp. 3d 295, 302 to allegedly support their position. In *Tatel*, the case was filed by parents of a child in a first-grade classroom in which

1

the first-grade teacher of the classroom showed videos and/or read books about transgender topics. *Id.*

In *L.W. v. Skrmetti,* 73 F.4th 408, 412, Tennessee enacted a law that prohibits healthcare providers from performing gender-affirming surgeries and administering hormones or puberty blockers to transgender minors. *Id.* at 412. Three transgender minors and their parents sued the state of Tennessee claiming the act violated their guarantees of due process and equal protection. *Id.* at 413.

In *Steffel v. Thompson*, 415 U.S. 452, the plaintiff had stopped distributing handbills on an exterior sidewalk at the shopping center when warned by police that he would be arrested if he refused to stop or if he resumed hand billing in violation of a criminal trespass statute. *Id.* at 454 (*See* also *Gruenke v. Seip*, 225 F.3d 290 (3d Cir. 2000), the mother filed suit against the school after her child was pressured by the school to take a pregnancy test).

In all of the cases cited in Plaintiffs' Response, the plaintiffs in those cases either had alleged actual harm or imminent harm. A child in the classroom of a teacher displaying transgender materials (*Tatel*); parents of transgender children seeking to overturn a law banning medical care for children with transgender issues (*Skrmetti*); plaintiff stopped handing out handbills after being threatened with arrest (*Steffel*); mother of child who was forced to take pregnancy test by school (*Gruenke*). Plaintiffs do not allege any such similar harm or imminent harm.

While Defendants vigorously deny the factual allegations and legal arguments asserted in the Second Amended Complaint, the sole issue right now is standing. Plaintiffs Rachel Kaltenbach, Daniel Kamento, Sarah Kamento, Bethany Russell, Jennifer King, Tanya Ciomek, Leizl Zirkle, Lisa B. Chaffee and Danae Gordin lack standing to remain parties in this case. These Plaintiffs have not alleged any of the following to have any sort of argument regarding standing:

1) That their children are transgender or suspected to be transgender;

2) That they believe their children may have been treated by the District;

3) That the District wants to start treatment on their children;

4) That their children ever mentioned any issues at school regarding discussions with District or school representatives about gender issues;

5) That the parents asked the District whether their child has been treated for gender issues and the District refused to answer;

6) That their children ever observed any of the "badges" alleged in the Second Amended Complaint;

7) That their children have been exposed to any content from the QR code on the back of the badges;

8) That their children are or were in a room or building in which someone was wearing a badge;

9) That their children have been or are in a classroom in which transgender issues were discussed;

10) That their children were in the classroom in which the teacher allegedly gave out a gender survey;

11) That their children were in any building in which there are any displays regarding transgender issues or gender issues;

12) That the District has not told them or refuses to tell them information about their children due to the parents' ideological or political beliefs.

> "The Parents do not agree with the ideology behind the school's actions."
>
> Amended Complaint at ¶153.(Doc#6, PAGEID 137)

That is what this case is about for these Plaintiffs as they showed in their pleadings. They simply have alleged an ideological and political disagreement. These Plaintiffs have not alleged a harm or imminent harm (to either themselves or their children) and the case law supports they lack the standing required to assert their claims.

Turning to Plaintiff Senchesak. While again the District denies the alleged factual, legal and damages she asserts in the pleadings, the District has not moved to dismiss her claims in counts 1-3 of the Second Amended Complaint for lack of standing. That is because Plaintiff Senchesak has at least *alleged* some sort of a claimed injury at the pleadings stage, something the other Plaintiffs failed to assert.  But, Plaintiff Senchesak does lack standing to assert claims for injunctive relief in count 8 of the Second Amended Complaint. Plaintiff Senchesak and her child have moved out of the school district and have not alleged they plan or wish to return to school in the District. A person no longer involved with an organization or entity has no standing to bring claims based on challenging an organization's policy. *Savage v. Gee*, 665 F.3d 732, 740 (6th Cir. 2012). Plaintiff Senchesak has no standing to seek an injunction regarding further District policy as she (nor her child) have any further connections with the District.

Finally, Plaintiff Senchesak claims in count four though seven of the Second Amended Complaint should be dismissed as they are already encompassed in her 42 U.S.C. §1983 claims (counts one and two). "While courts have the discretion to decide whether to entertain a declaratory judgment action, they typically deny declaratory relief if an alternative remedy is better or more effective." *Krawczyszyn v. Columbian Life Ins. Co.*, 2021 WL 2722514, at *2 (N.D. Ohio June 30, 2021) (quoting *Putman v. Allstate Ins. Co.*, 2021 WL 1580836, at *3 (S.D. Ohio Apr. 22, 2021). And "courts routinely find that declaratory relief is inappropriate when the claims have ripened into a cause of action." *Putman*, at *7-8.

Counts four through eight of the Second Amended Complaint should be dismissed. Plaintiffs Rachel Kaltenbach, Daniel Kamento, Sarah Kamento, Bethany Russell, Jennifer King, Tanya Ciomek, Leizl Zirkle, Lisa B. Chaffee and Danae Gordin lack standing to bring their claims for declaratory judgment and injunctive relief. Plaintiff Donna Senchesak's declaratory judgment

claims in counts four through seven are duplicative of her claims in counts one and two of the Second Amended Complaint and therefore should be dismissed as she has already alleged an injury.  Finally, Plaintiff Donna Senchesak lacks standing to request the injunction in count eight.

Respectfully submitted,

/s/ Brandon Abshier
Brandon Abshier (0083505)
Michael J. Valentine (0038806)
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
babshier@reminger.com
mvalentine@reminger.com
P: 614-232-2422

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

A true and accurate copy of the foreign was served on this 7th day of November, 2023, upon all counsel of record via the Court's electronic filing system.

/s/ Brandon Abshier
Brandon Abshier (0083505)

5