# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Rachel Kaltenbach, et al., | : | Case No. 2:23-cv-00187 |
| Plaintiffs, | : | Judge: Michael H. Watson |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| Hilliard City Schools Board of Education, et al., | : | |
| Defendants. | : | |

## MOTION TO STRIKE DOC. 54 BY DEFENDANTS HILLIARD CITY SCHOOLS BOARD OF EDUCATION, BETH MURDOCH, KARA CROWLEY, NADIA LONG, ZACH VORST, AND BRIAN PERRY AND MOTION FOR ATTORNEY FEES

Defendants Hilliard City Schools Board of Education, Beth Murdoch, Kara Crowley, Nadia Long, Zach Vorst, and Brian Perry (collectively "District") move this Court to strike Doc. #54 filed by Plaintiff D.S. Doc. #54 is titled Plaintiff D.S.'s Response to Defendant's Motion for Summary Judgment *and* Motion for Summary Judgment. (Doc. #54, emphasis added). While Plaintiff D.S.'s response to the District's motion for summary judgment was filed two days late, more concerning is that Plaintiff D.S. has now moved this Court for summary judgment in her favor, six weeks after the deadline passed. (Doc. #54). The deadline for dispositive motions was August 30, 2024. (Doc. #30). Plaintiff never sought leave or requested an extension to file a motion for summary judgment or her memorandum in opposition on October 14, 2024. Further reasons are in the attached memorandum in support.

1

Respectfully submitted,

*/s/ Jessica K. Philemond*
Jessica K. Philemond, Trial Counsel (0076761)
jessica@scottscrivenlaw.com
Julie C. Martin (0056163)
julie@scottscrivenlaw.com
Mitchell L. Stith (0096759)
mitch@scottscrivenlaw.com
SCOTT SCRIVEN LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
(614)222-8686; Fax (614) 222-8688

*/s/ Brandon Abshier*
Brandon Abshier (0083505)
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
babshier@reminger.com
P: 614-232-2422

*Attorneys for Defendants*

## MEMORANDUM IN SUPPORT

Plaintiff D.S.'s response to the District's motion for summary judgment was originally due on September 20, 2024. On September 18, 2024, Plaintiff D.S. sought consent from the District to request a two-week extension to file a response to the District's motion for summary judgment. The District responded four minutes later indicating no objection. No request for an extension of time to file a motion for summary judgment was sought. (See Doc. #49). Thereafter, the Court granted in a Notation Order an extension until Monday October 7, 2024 to respond to the District's motion for summary judgment.

In the afternoon of October 7, 2024, Plaintiff D.S. sent correspondence asking the District to consent to a stipulated dismissal of the case with prejudice. Due to the late timing in the day, which was also Plaintiff's response deadline, and the need to discuss the matter with the District,

2

counsel for the District represented that the District would not object to a second extension of the time for Plaintiff to respond to the motion for summary judgment. Plaintiff D.S. then sought a second extension of time to respond to the motion for summary judgment – moving the Court for an extension until 10/11/2024. (Doc. 52). That was again granted and the Court's Notation Order gave Plaintiff an extra day beyond what was asked, stating plainly "Response due by 10/12/2024." (Doc. #53). October 12, 2024 fell on a Saturday.

In exchange for agreeing to a stipulated dismissal with prejudice, the District wanted to include in the dismissal corrections to certain factual allegations in the Second Amended Complaint, that in the District's view, do not have any evidentiary support after completing discovery and are contrary to Fed. R. Civ. Pro. 11(b). The parties could not reach an agreement. On Friday October 11, 2024, the District informed D.S. that it agreed to the original proposed stipulated dismissal with prejudice being filed *without* any reference to factual corrections that the District requested.

D.S. did not file the stipulated dismissal. Instead, on October 14, 2024, D.S. filed a response to the District's motion for summary judgment *and* also moved the Court to grant summary judgment in D.S.'s favor in the same filing. (Doc. #54). Both were of course filed beyond the Court's deadline – the memorandum in opposition being filed two days late, and the motion for summary judgment nearly six weeks after the deadline.

As it relates to Plaintiff's attempt to file a late motion for summary judgment, this Court has held that the Fed. R. Civ. P. 16(b)(4) standard - not the Rule 6(b) standard - applies where the deadline sought to be extended was established in a pretrial order issued under Fed. R. Civ. P. 16. *Barker v. Goodrich*, No. 07-cv-946, 2012 U.S. Dist. LEXIS 5810 (S.D. Ohio Jan. 13, 2012). But Plaintiff D.S. has not even sought leave to extend or file. Under Fed. R. Civ. P. 16(b)(4), good

3

cause requires a "greater showing" than "excusable neglect." *Id.* In *Baker*, this Court granted a motion to strike finding lack of good cause, when a party filed a dispositive motion *four days* after the deadline when the party's new counsel allegedly erroneously calendared a date. *Id.*

As it relates to Plaintiff's memorandum in opposition, no time computation applies because the Court, quite clearly, gave Plaintiff a date certain to file the response – "by 10/12/2024." (Notation Order #53). Fed. R. Civ. P. 6(a) does not apply to situations where the court has established a specific calendar day as a deadline. See, *Violette v. P.A. Days, Inc.*, 427 F.3d 1015, 1016 (6th Cir. 2005); See also Fed R. Civ. Proc. 6, Notes of Advisory Committee on 2009 amendments: "The time-computation provisions of subdivision (a) apply only when a time period must be computed. They do not apply when a fixed time to act is set." D.S. has not set forth "excusable neglect" or "good cause."

Plaintiff did not request leave to file her response late, nor did she request leave to file an extremely late motion for summary judgment. This was all after the District ultimately agreed to give Plaintiff D.S. what she requested, a dismissal with prejudice. Plaintiff has been given re-do after re-do in this case (see Stricken Amended Complaint, Doc. #6; see Stricken Response in Opposition to Motion to Dismiss, Doc. #15), causing this public school district unnecessary litigation costs and taking important time away from District staff and resources.

For all of the above reasons, the District moves for Doc. #54 to be stricken from the record and that Plaintiff be ordered to pay the District's legal fees expended in briefing this Motion.

Respectfully submitted,

*/s/ Jessica K. Philemond*
Jessica K. Philemond, Trial Counsel (0076761)
jessica@scottscrivenlaw.com
Julie C. Martin (0056163)
julie@scottscrivenlaw.com
Mitchell L. Stith (0096759)
mitch@scottscrivenlaw.com
SCOTT SCRIVEN LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
(614)222-8686; Fax (614) 222-8688

*/s/ Brandon Abshier*
Brandon Abshier (0083505)
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
babshier@reminger.com
P: 614-232-2422

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foreign was served on this 17th day of October 2024, upon all counsel of record via the Court's electronic filing system and via e-mail

*/s/ Brandon Abshier*
Brandon Abshier (0083505)

5