UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| Rachel Kaltenbach, et al., | : | Case No. 2:23-cv-00187 |
| Plaintiffs, | : | Judge: Michael H. Watson |
| v. | : | Magistrate Judge Kimberly A. Jolson |
| Hilliard City Schools Board of Education, et al., | : | |
| | : | |
| Defendants. | | |

**REPLY OF DEFENDANTS HILLIARD CITY SCHOOLS BOARD OF EDUCATION, BETH MURDOCH, KARA CROWLEY, NADIA LONG, ZACH VORST, AND BRIAN PERRY TO PLAINTIFF D.S.'S RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The contradictory positions taken by Plaintiff D.S. in this case exposes the flaws in Plaintiff's arguments:

| Plaintiff's arguments that teachers should have asked more questions about T.S.'s sexual identity and gender issues | Plaintiff's arguments that neither the District nor teachers should be discussing sexual or gender issues with students |
|---|---|
| "Despite all the conversations mentioned above, Baker did not speak to T.S. about *why* T.S. was asking to adopt a male identity." (Page ID. 686, ⁋14) (emphasis added). | "The badges provide a tool for *predators* to identify and engage in private conversations about *sexual matters with vulnerable children*." Second Amended Complaint ⁋146 (emphasis added) |
| "Baker *did not inquire* enough to know that T.S.'s request was a cry for help."(Page ID. 686, ⁋15)(emphasis added) | "The District's acts were reckless because *District officials are not qualified*—and are specifically denied entitlement to—make diagnosis and treatment decisions." (Page ID 699-700)(emphasis added) |
| "[Baker] should have *asked questions*." (Page ID. 686, ⁋15) (emphasis added) | *See* Second Amended Complaint, generally. |
| "If only the teacher had discussed the issue further, either with T.S. or her mom D.S." (Page ID 697) | |

1

Plaintiff D.S. (and the now dismissed other Plaintiffs) do not believe any conversations or mentions regarding gender or sexuality is proper at school because apparently the school has "predators." But, Plaintiff D.S. now argues the opposite, because in this case the evidence is only that a teacher simply responded "OK" after D.S.'s child requested the teacher call her by a different name and pronoun. Per Plaintiff, the teacher should have investigated it more and asked T.S. more questions regarding "why" T.S. wanted to go by a different name and pronoun and whether T.S. was really transgender. It is quite the juxtaposition.

The District's motion for summary judgment should be granted as Plaintiff D.S. has failed to set forth any facts or legal arguments to support her position. Specifically:

1. D.S. has not named any parties in their individual capacities and therefore must establish her constitutional violations are from an unlawful policy or custom of the District. *Nowhere in the Response does D.S. cite or mention any policy or custom of the District that is causing her damages.* Such absence is fatal to any constitutional claims.

2. D.S.'s constitutional claims were filed outside the statute of limitations and she admits to the same in her Response.

3. D.S. has cited to no evidence (affidavit, deposition testimony or the opinion of an expert) that she has suffered both severe and debilitating emotional distress as required by law.

4. D.S. has not cited any law or opinion that calling someone by a requested name or pronoun is gender affirming care or treatment, nor any legal precedent that there is a requirement to inform parents when a student asks to be called by a different name or pronoun.

1.   <u>D.S. has failed to even cite or argue an unconstitutional District policy or practice.</u>

Plaintiff named the District and Board members in their official capacities. Plaintiff did not name as a party any teachers individually. Plaintiff is therefore required to establish that a policy or practice of the District is unconstitutional and caused her damages. *Jackson v. City of Cleveland*,

2

622 F.Supp.3d 636, 641 (N.D. Ohio 2022) (citing *Johnson v. Hardin Cnty.*, 908 F.2d 1280, 1285 (6th Cir. 1990)).

Nowhere in the Response does Plaintiff discuss or mention any facts with regard to the District's policies. In fact, a word search of the Response reveals the word "policy" appears only one time in the entire brief (PageID #699), but the word is not even used in reference to a District policy. The words "custom" or "practice" are also never used in the Response.

Plaintiff's aim instead seems to be at the teacher Mrs. Baker and her failure to tell D.S. that her daughter T.S. requested to be called by a different name. Plaintiff further argues another teacher asked T.S. if she was transgender. Plaintiff has failed to set forth any facts as to how that was in furtherance of any District policy or practice. Plaintiff could have named individually any teachers, counselors or district employees that Plaintiff believes violated her constitutional rights, but she did not. Plaintiff has now argued the failure by a counselor in middle school to address bullying issues somehow pushed T.S. "into the arms" of a group of friends who pressured her into acting transgender. But again, there is no evidence the District has any policy or practice of permitting bullying.

Plaintiff is required to show a District policy or practice was unconstitutional and caused her damages. These claims of individual actions by employees are not relevant. After discovery was completed, **Plaintiff has failed to even mention to this Court the policy that she believes is unconstitutional.** Therefore, Plaintiff's constitutional claims fail as a matter of law.

2. <u>The 1983 claims were filed outside of the two-year statute of limitations.</u>

Plaintiff argues at the end of her Response that she "was not fully informed" until much later than January of 2021 of what occurred with her daughter. But Plaintiff's own statement of facts in her Response says that is not the case:

3

> 29. D.S. discovered inadvertently that Hilliard District officials diagnosed and treated her daughter for gender dysphoria at school, after discussing these issues with T.S. This discussion was prompted by a school secretary who sent T.S. a postcard using a male name and male pronouns. (Transcript, T.S., 85:21-87:13.)

Response at PageID #690.

It also simply ignores Plaintiff's own deposition testimony that she saw a postcard from the school at least by January 15, 2021 and knew the school was allegedly doing something wrong at that point:

> Q: Well, I guess, I'm trying to get back to the paragraph 88, like what you knew at the Christmas break that the district was doing. What was at the -- in your view, like **what did you know during the Christmas break that the district was doing**?
>
> A. **That they were allowing her to go by a different name and a different pronoun**.
>
> Q. Okay. How did you know they were allowing her to go by a different pronoun?
>
> A. Because she told me.
>
> Q. So you knew as of -- as of January of 2021, you had known that the district was calling her a different name?
>
> A. (Witness nodding head up and down.)
>
> Q. And you knew that the district was using a different pronoun with her?
>
> A. Correct.

(Dep. D.S. at p. 30:15-31:6) (See also Dep. D.S. at p. 24:6-17; 25-26; 27:25-29:14).

Plaintiff was aware, at the latest by January 15, 2021, that the District was allegedly doing something wrong (in her view) by referring to her daughter by a different name and pronoun. Plaintiff's claims are barred by the two-year statute of limitations.

4

3.  <u>Plaintiff has not satisfied her burden of citing to any evidence she suffers from severe and debilitating emotional distress in order to prevail on a claim for intentional/reckless infliction of emotional distress</u>.

The Response only focuses on the alleged trauma that the child, T.S., suffered. "Plaintiff D.S.'s daughter ("T.S.") suffered severe emotional trauma at her school during her seventh, eighth and nineth grade years." Page ID #682, ¶1. But T.S. is not a party to this case, only D.S. is the plaintiff. There is not one citation to any affidavit, deposition testimony, medical records or opinion from any doctor or mental health provider that Plaintiff D.S. had severe and debilitating trauma. The only mention in the entire Response regarding D.S. and her emotional health is a conclusory statement in the argument section with no citations to any evidence:

> Such acts will inevitably lead to harm. The District's acts were reckless and caused D.S.'s child to make a serious attempt at suicide, resulting in physical injuries. The child and her parents suffered severe emotional distress as a result of the District's acts.

(PageID #700).

The Court can rule as a matter of law whether the emotional injury alleged is severe and debilitating. *Paugh v. Hanks*, 6 Ohio St.3d 72, 78, 451 N.E.2d 759 (1983). The District actually cited the only evidence in this case regarding the effects on D.S. D.S. testified she saw a counselor for a short amount of time (the same counselor that T.S. went to) to try to understand what was going on with T.S. and also because D.S. was under a lot of stress. (Dep. D.S. at p. 67-68). When asked what the stress was doing to her, D.S. testified that she has a lot of stress with a full-time job, keeping track of her daughter's assignments and trying to understand what her daughter was going through. (Dep. D.S. at p. 68-69). There was never a point in time where D.S. was not able to work due to the stress. (Id. at p. 71). The case law cited in the District's Motion establishes "an increase in stress" is not enough to satisfy the severe and debilitating standard required under Ohio law.

5

4. <u>There is no evidence the District diagnosed or treated T.S. and there are no legal or constitutional requirements that a District tell a parent if their child asks to be called by a different name and gender</u>.

Plaintiff spends pages 11- 16 of its Response citing broad case law regarding the interests of parents to make medical care decisions for their child, ownership of their children's health information and familial integrity. Yet, Plaintiff cites no case law directly on the issue of whether a District is required to tell a parent that their child asked to be called by a different name or pronoun at school. That is because the case law that does exist on this issue across the country states no such constitutional requirement or duty on the school district exists. *See John and Jane Doe Parents 1 v. Montgomery County Board of Education*, 622 F. Supp. 3d 118 (D. Md. 2022), vacated on other grounds due to appellant's lack of standing, 78 F.4th 622 (4th Cir. 2023); *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005).; *Willey v. Sweetwater County School District*, No. 1:23cv69, 2023 WL 4297186 (D. Wyo. June 30, 2023)); *Regino v. Staley*, No. CV 2:23cv32, 2023 WL 4464845 (E.D. Cal., July 11, 2023; *Foote v. Ludlow School Committee, et al.*, No. 3:22cv30041-MGM, 2022 WL 18356421, at *5 (D. Mass. Dec. 14, 2022).

Plaintiff does not even address these above cases cited in the motion for summary judgment. Instead, Plaintiff relies on the dissenting opinion in *L.W. v. Skrmetti,* 83 F.4th 460 (6th Cir. 2023). *Skrmetti* dealt with a ban on medical treatments for gender dysphoria, such as puberty blockers, hormone treatment and surgeries. It was not about using a different name or pronoun. Plaintiff argues the dissent supports the position that the goal of treatment for gender dysphoria is called "gender affirming care."  Plaintiff argues the Sixth Circuit dissent in *Skrmetti* acknowledged that gender dysphoria is a condition that may need treatment and that "gender affirming care" is a well-accepted treatment. Even if the dissent was binding law, it does not prove Plaintiff's claims.

Other than making broad accusations, Plaintiff has presented no evidence that calling someone by their preferred name or pronoun is gender affirming care. Yet, Plaintiff just wants to continue to make the same salacious claims as alleged in the Complaint without support. Plaintiff had an opportunity during this case to present evidence on this issue. If calling someone by a different name or pronoun is the diagnosis and/or treatment of gender dysphoria, then Plaintiff could have easily found a psychologist or psychiatrist to opine on this issue. But she has not. And she has not because medically, it is not true. The only medical opinion in front of this Court is the District's child psychiatry expert who opines the District's did not diagnose T.S with gender dysphoria or treat T.S. by calling her by her requested name or pronoun. Courts have also supported that position. *Foote v. Ludlow School Committee, et al.*, No. 3:22cv30041-MGM, 2022 WL 18356421, at *5 (D. Mass. Dec. 14, 2022)(holding that using a requested name or pronoun is not medical treatment and finding "[i]n the absence of supporting factual allegations, such as a relevant medically-recognized diagnosis and treatment plan, the court disregards Plaintiffs' conclusory statements describing the use of preferred names and pronouns as mental health treatment.")

There is no evidence the District ever diagnosed or treated T.S. for gender dysphoria. At this stage in the proceedings, Plaintiff can no longer just rely on broad accusations without support. There is no case law or medical opinion that referring to an individual by the name and pronoun *they request to be called by,* is anything more than courtesy and respect.

## **CONCLUSION**

Plaintiff's claims fail as a matter of law and summary judgment should be entered in favor of Defendants. Plaintiff's §1983 claims are time-barred. Plaintiff cannot set forth any evidence the

District has a policy that violates any of her constitutional rights or that she suffers from severe and emotional distress.

Respectfully submitted,

*/s/ Jessica K. Philemond*
Jessica K. Philemond, Trial Counsel (0076761)
jessica@scottscrivenlaw.com
Julie C. Martin (0056163)
julie@scottscrivenlaw.com
Mitchell L. Stith (0096759)
mitch@scottscrivenlaw.com
SCOTT SCRIVEN LLP
250 East Broad Street, Suite 900
Columbus, OH 43215
(614)222-8686; Fax (614) 222-8688


/s/ Brandon Abshier
Brandon Abshier (0083505)
Michael J. Valentine (0038806)
REMINGER CO., LPA
200 Civic Center Drive, Suite 800
Columbus, OH 43215
babshier@reminger.com
mvalentine@reminger.com
P: 614-232-2422

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

A true and accurate copy of the foreign was served on this 28th day of August 2024, upon all counsel of record via the Court's electronic filing system and via e-mail

/s/ Brandon Abshier
Brandon Abshier (0083505)
