UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Rachel Kaltenbach, *et al.*,

    Plaintiffs,

v.

Hilliard City Schools, *et al.*,

    Defendants.

Case No. 2:23-cv-187

Judge Michael H. Watson

Magistrate Judge Jolson

## ORDER

Hilliard City Schools Board of Education, Beth Murdock, Kara Crowley, Nadia Long, Zach Vorst, and Brian Perry (collectively, "Defendants") move to strike D.S.'s ("Plaintiff") response to Defendants' motion for summary judgment and motion for summary judgment, Resp. & Mot., ECF No. 54. *See* Mot. to Strike, ECF No. 55.

Dispositive motions were due on August 30, 2024. Scheduling Order, ECF No. 30. Defendants moved for summary judgment on that date.[1] Mot., ECF No. 48. Plaintiff did not file a dispositive motion. She did move for extensions of time to respond in opposition to Defendants' motion, ECF Nos. 49 & 52, but neither of

---

[1] Defendants' brief violates this Court's civil standing orders in that it exceeds the twenty-page limit, without leave of Court. *See* Standing Orders for Civil Cases, https://www.ohsd.uscourts.gov/sites/ohsd/files//Judge%20Watson%20Civil%20Standing%20Orders%20Final.pdf ("All briefs and/or memoranda in any action before this Judge are subject to a twenty-page limit. Counsel shall not exceed the twenty-page limit without leave of Court.").

those motions requested an extension for the deadline to seek summary judgment in her favor. The final deadline set by the Court was October 12, 2024, and Plaintiff responded to Defendants' motion for summary judgment on October 14, 2024. ECF No. 54. In the same filing, however, she moved for summary judgment on her claims. Resp. & Mot., ECF No. 54. "If an act has a specific deadline, a court may extend the deadline for good cause if the party failed to act because of 'excusable neglect.'" *Down v. Ann Arbor Pub. Sch.*, No. 20-2114, 2021 WL 5873166, at *5 (6th Cir. Dec. 13, 2021) (citing Fed. R. Civ. P. 6(b)(1)(B)). In deciding whether there is excusable neglect, the Court considers "the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, whether the delay was within the reasonable control of the moving party, and whether the movant acted in good faith." *Id.* (citation omitted).

To the extent Plaintiff responds to Defendants' motion for summary judgment, the response was filed two days late, after the Court twice extended the deadline. However, when Plaintiff last requested an extension of time, she requested a deadline of October 12, 2024—a Saturday. ECF No. 52. Plaintiff responded on Monday, October 14, 2024. Mot. & Resp., ECF No. 54. Even though the filing is late, the Court finds the two-day delay poses little danger of prejudice to Defendants. Given the Saturday deadline and that Plaintiff responded the following Monday, the Court presumes Plaintiff acted in good faith.

To the extent Plaintiff moves for summary judgment, Rule 16(b)(4) applies. Under that Rule, "a schedule may be modified only for good cause and with the judge's consent." The deadline for dispositive motions was August 30, 2024. Scheduling Order, ECF No. 30. Plaintiff's motion was thus 45 days late. Plaintiff did not move to modify the Court's scheduling order, let alone show good cause.

However, there is no clear distinction between Plaintiff's response and motion for summary judgment. Plaintiff does not explicitly call out any genuine issue of material fact. Rather, Plaintiff disagrees with Defendants on the law and its application to the facts. *Id.* The Court construes Plaintiff's brief as a response to Defendant's motion for summary judgment and declines to strike it. The Court will therefore consider the portions of the record that Plaintiff calls attention to and her argument on the application of the law. To the extent Plaintiff moves for summary judgment, the Court will not consider her motion.

For these reasons, Defendants' motion to strike is **DENIED**, but the Court will not consider Plaintiff's motion for summary judgment.

The Clerk shall terminate ECF No. 55.

**IT IS SO ORDERED.**

MICHAEL H. WATSON, JUDGE
**UNITED STATES DISTRICT COURT**